IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MITCHEL GORBET, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | NO. 1:20-cv-00037-SRW |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of | ) | |
| Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

## I.   INTRODUCTION

Plaintiff Mitchel Gorbet commenced this action on January 15, 2020, pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of Social Security ("the Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"). *See* Doc. 1. Plaintiff filed his application on January 19, 2017, alleging that he became disabled on April 1, 2014. (Tr. 10, 57, 135, 138).[2] Plaintiff's application was denied at the initial administrative level. (Tr. 10, 54-68). Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"), in which Plaintiff appeared with an attorney. (Tr. 10, 33-34, 74-77). On November 30, 2018, the ALJ issued an unfavorable decision. (Tr. 10-20). Plaintiff appealed that decision, and the Appeals Council denied Plaintiff's request for review on November 15, 2019. (Tr. 1-5). The ALJ's decision therefore

---

[1] Kilolo Kijakazi became acting Commissioner for the Social Security Administration on July 9, 2021, and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2] References to the actual transcript pages are denoted by the abbreviation "Tr."

became the final decision of the Commissioner. *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In the instant appeal, Plaintiff asks the court to reverse the Commissioner's decision and remand this cause to the Commissioner for a new hearing and further consideration under sentence four of 42 U.S.C. § 405(g). *See* Doc. 1; Doc. 13, at 6. The case is ripe for review pursuant to 42 U.S.C. § 405(g). Under 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. *See* Docs. 8, 9. Based on its review of the parties' submissions, the relevant law, and the record as a whole, the court concludes that the Commissioner's decision is due to be AFFIRMED.

## II.    STANDARD OF REVIEW AND REGULATORY FRAMEWORK[3]

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla," but less than a preponderance, "and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence") (citations omitted). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). However,

---

[3] For purposes of this appeal, the court uses the Code of Federal Regulations ("C.F.R.") that was effective until March 27, 2017, because that was the version of the C.F.R. in effect at the time Plaintiff filed a claim for benefits. *See* 20 C.F.R. Part 404 and 416, effective March 27, 2017; *see also* https://www.ssa.gov/disability/professionals/bluebook/revisions-rules.html Q.3.

reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings.   . . .   No similar presumption of validity attaches to the [Commissioner's] legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987) (citations omitted and bracketed material added).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a person must be unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[4] To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. § 404.1520.

(1) Is the person presently unemployed?

(2) Is the person's impairment severe?

(3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?

(4) Is the person unable to perform his or her former occupation?

(5) Is the person unable to perform any other work within the economy?

---

[4] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of "not disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[5]

The burden of proof rests on the claimant through step four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004); *see also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant establishes a *prima facie* case of qualifying disability once he or she has carried the burden of proof from step one through step four. At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform. *Id*.

To evaluate the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Phillips*, 357 F.3d at 1238-39. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy that the claimant can perform. *Id*. at 1239. To do this, the ALJ can use either the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Id*. 1240.

---

[5] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g., Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was 47 years old at the time he filed his application for benefits and 49 years old at the time of the ALJ's decision. (Tr. 10, 19, 34). Plaintiff is a resident of Dothan, Alabama, and lives in a house with his wife. (Tr. 34, 150, 162). Plaintiff graduated from high school. (Tr. 19, 287).

Plaintiff claims that his ability to work is limited by major depression and arthritis. (Tr. 56). Plaintiff previously worked as a pest control person and as a vending machine attendant. (Tr. 18, 35-36).

Following the administrative hearing, where Plaintiff and a vocational expert testified, and employing the five-step process, the ALJ made the following enumerated findings:

1.   The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2.   The claimant has not engaged in substantial gainful activity since April 1, 2014, the alleged onset date (20 CFR 404.1571 *et seq*.).

3.   The claimant has the following severe impairment: depression (20 CFR 404.1520(c)).

4.   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.   The claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations; simple work with simple work-related decisions; and less than frequent interaction with the public, supervisors and co-workers.

6.   The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7.      The claimant was born on February 7, 1969, and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8.      The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.      Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "'not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10.     Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).

11.     The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2014, through the date of this decision (20 CFR 404.1520(g)).

(Tr. 12, 14, 17, 18, 19, 20).

## IV.   DISCUSSION

Plaintiff raises one issue on appeal, arguing that the ALJ's determination of his RFC is inconsistent with the ALJ's acceptance of the opinion of Randall Jordan, Psy.D. (Doc. 13, at 1). The Commissioner maintains that the ALJ did not adopt Dr. Jordan's opinion in its entirety and that the ALJ's RFC determination is supported by substantial evidence. (Doc. 16, at 1).

An RFC determination is an assessment of what a claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Phillips*, 357 F.3d at 1238-39; *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir.1997); 20 C.F.R. § 404.1545(a). "There is no rigid requirement that the ALJ specifically refer to every piece of evidence, so long as the ALJ's decision is not a broad rejection, i.e., where the ALJ does not provide enough reasoning for a reviewing court to conclude that the ALJ considered the claimant's medical

condition as a whole. *Packer*, 542 F. App'x at 891-92.

"[T]he task of determining a claimant's [RFC] and ability to work rests with the [ALJ], not a doctor." *Moore v. Soc. Sec. Admin., Comm'r*, 649 F. App'x 941, 945 (11th Cir. 2016). An ALJ "is under no obligation to obtain or adopt a medical source statement's findings as [the ALJ's] RFC finding." *Smith v. Comm'r, Soc. Sec. Admin.*, No. 2:15-CV-00964-HGD, 2017 WL 167322, at *6 (N.D. Ala. Jan. 17, 2017); *Rodriguez v. Comm'r of Soc. Sec.*, No. 618CV503ORL18TBS, 2018 WL 7113871, at *2 (M.D. Fla. Dec. 27, 2018), *report and recommendation adopted*, No. 618CV503ORL18TBS, 2019 WL 316051 (M.D. Fla. Jan. 24, 2019) ("[T]here is no requirement that an ALJ base an RFC finding on a medical source's opinion."). "To find that an ALJ's RFC determination is supported by substantial evidence, it must be shown that the ALJ has 'provide[d] a sufficient rationale to link' substantial record evidence 'to the legal conclusions reached.'" *Eaton v. Colvin*, 180 F. Supp. 3d 1037, 1055 (S.D. Ala. 2016) (citations omitted). "[T]o find that the ALJ's RFC assessment is supported by substantial evidence, it is not necessary for the ALJ's assessment to be supported by the assessment of an examining or treating physician." *Id.* at 1055-56. An ALJ "is not required to specifically address every aspect of an opinion or every piece of evidence in the record." *Coley v. Comm'r of Soc. Sec.*, 771 F. App'x 913, 917 (11th Cir. 2019); *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) ("[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision, so long as the ALJ's decision . . . is not a broad rejection which is 'not enough to enable [the district court . . .] to conclude that [the ALJ] considered [the claimant's] medical condition as a whole.'") (citation omitted).

In this case, the ALJ concluded that Plaintiff had "the residual functional capacity to perform a full range of work at all exertional levels but with the following non-exertional limitations: simple work with simple work-related decisions; and less than frequent interaction with the public, supervisors and co-workers." (Tr. 17). The ALJ afforded "great weight" to Dr.

Jordan's opinion, "as it [was] consistent with the record." (Tr. 18). Dr. Jordan conducted a mental status examination of Plaintiff, in which he found, in relevant part, the following: (1) "[t]he claimant cannot fully function independently and is psychiatrically dependent on his wife;" (2) "[i]n terms of vocation, the claimant's ability to carry out and remember instructions of a simple, one-step nature is not compromised. The claimant can do multi-step tasks without some degree of supervision;" and (3) "[i]n terms of vocation, the claimant's ability to respond well to coworkers, supervision, and everyday work pressures is compromised to a severe degree due to psychiatric issues." (Tr. 289). Plaintiff contends that despite giving Dr. Jordan's opinion great weight, the ALJ, in fashioning Plaintiff's RFC, placed limitations on Plaintiff that were less restrictive than Dr. Jordan's findings, without explaining why the ALJ did not include Dr. Jordan's more restrictive findings in Plaintiff's RFC. (Doc. 13, at 4).

"A claimant's residual functional capacity is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive." *Beegle v. Soc. Sec. Admin., Com'r*, 482 F. App'x 483, 486 (11th Cir. 2012); *Garrow v. Saul*, No. 5:19-CV-586-OC-18JBT, 2020 WL 5802493, at *6 (M.D. Fla. Aug. 19, 2020), *report and recommendation adopted sub nom. Garrow v. Comm'r of Soc. Sec.*, No. 5:19-CV-586-OC-18JBT, 2020 WL 5797867 (M.D. Fla. Sept. 29, 2020) ("[T]he ALJ's RFC did not have to mirror the opinion of any one doctor, even if the opinion of that doctor was given great weight."). While the ALJ gave Dr. Jordan's opinion great weight, the ALJ did not adopt it in its entirety. In fact, the ALJ thoroughly discussed Dr. Jordan's opinion and compared it with the opinion of state agency expert Michael Rosenbaum, Ph.D. (Tr. 14-16, 62-66). State agency medical or psychological consultants are considered experts in Social Security disability evaluation. *Hanisee v. Comm'r of Soc. Sec.*, 797 F. App'x 449, 450 (11th Cir. 2019); 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2). ALJs "are not bound by any findings made by State agency medical or psychological consultants, or other

program physicians or psychologists," but ALJs "must consider findings and other opinions of

State agency medical and psychological consultants." 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2).

Regarding Plaintiff's ability to understand, remember and apply information, the ALJ

compared Dr. Jordan's opinion with Dr. Rosenbaum's opinion and found that Plaintiff "has a mild

limitation." (Tr. 14-15, 62, 287-89). The ALJ stated:

> Dr. Rosenbaum opined that the claimant was not significantly limited in his ability
> to remember locations and work-like procedures, or his ability to understand and
> remember very short and simple instructions; yet, the claimant was moderately
> limited in his ability to understand and remember detailed instructions (Exhibit 3A,
> page 9). Therefore, Dr. Rosenbaum concluded, the claimant is "moderately limited
> in the ability to understand and remember detailed and complex instructions. The
> claimant has the ability to understand and remember many short and simple
> instructions" (Exhibit 3A, page 9). The claimant met with Consultative Examiner
> Randall Green Jordan, Psy.D. in March 2017 who performed a mental status
> examination of the claimant (Exhibit 3F, page 3). Dr. Jordan noted that the
> claimant's
>
> > [m]emory for short-terms auditory tasks was not compromised as
> > the claimant could repeat 5 digits forward and 3-digits backwards.
> > Relay of relevant information like birthdays and other relevant
> > personal events reveals generally intact long-term memory
>
> (Exhibit 3F, page 3). Dr. Jordan then opined that the "claimant's ability to carry out
> and remember instructions of a simple, one-step nature is not compromised. The
> claimant can do multi-step tasks without some degree of supervision" (Exhibit 3F,
> page 4). Thus, the claimant has a mild limitation in the domain of understanding,
> remembering, or applying information.

(Tr. 14-15).

The ALJ next compared Dr. Jordan's opinion that Plaintiff's ability to respond to his

coworkers and supervision was severely limited due to psychiatric issues with Dr. Rosenbaum's

opinion that his ability in this regard was moderately limited. The ALJ concluded that "[i]n

interacting with others, [Plaintiff] has a moderate limitation." (Tr. 15, 65, 287-89). The ALJ

explained:

> Dr. Rosenbaum found that the claimant had a moderate limitation in his ability to
> interact with others, as well (Exhibit 3A, page 7). Specifically, he found that the
> claimant's ability to interact appropriately with the general public was moderately
> limited, as was his ability to accept instructions and respond appropriately to

9

criticism from supervisors (exhibit 3A, page 10). However, Dr. Rosenbaum further opined that the claimant's ability to ask simple questions or request assistance and his ability to get  along with co-workers or peers without distracting them or exhibiting  behavioral  extremes; and his ability to maintain socially appropriate behavior and to adhere to  basic standards of  neatness and cleanliness was not significantly limited (Exhibit 3A, page 10). Therefore, he opined,

> the claimant is moderately limited in the ability to interact appropriately with the general public. The claimant would benefit from work which does not require frequent interaction with the general public. The claimant is moderately limited in the ability to accept instructions and respond appropriately to criticism from supervisors. Corrective action should be offered in a simple and supportive manner

(Tr. 15, 65-66).

The ALJ compared Dr. Jordan's opinion that Plaintiff had intact concentration with Dr. Rosenbaum's opinion that he had moderate limitations in concentration, persistence, and pace and found he had "a moderate limitation." (Tr. 15-16, 64-65, 287-89). The ALJ found the following:

> Dr. Rosenbaum found that the claimant had a moderate limitation in his ability to sustain concentration and persistence yet his ability to carry out very short and simple instructions, his ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances; his ability to sustain an ordinary routine without special supervision; ability to work in coordination with or in proximity to others without being distracted by them; and his ability to make simple work-related decisions was not significantly limited (Exhibit 3A, pages 9 and 10). Thus, he opined, the claimant is

> > moderately limited in the ability to carry out detailed instructions. The claimant has the ability to carry out short and simple instructions. The claimant is moderately limited in the ability to maintain concentration for extended periods. The claimant can attend and concentrate for two-hour periods. The claimant would benefit from a familiar work routine but should avoid excessive workloads, quick decision-making, and multiple demands

> (Exhibit 3A, page 10). Again, Dr. Rosenbaum opined that the claimant could do multi-step tasks without some degree of supervision which is an indication that the claimant could, in fact, perform more than simple work (Exhibit 3F, page 4). Dr. Jordan noted that the claimant's ability to compute serial sevens and spell the word "gold" backwards demonstrated his intact concentration abilities.

(Tr. 15-16).

10

The ALJ further compared Dr. Jordan's opinion that Plaintiff could not function independently and relied upon his wife with Dr. Rosenbaum's opinion that Plaintiff had mild limitations in adapting or managing oneself. The ALJ adopted Dr. Rosenbaum's opinion and found that Plaintiff had "experienced a mild limitation." (Tr. 16, 66, 287-89). The ALJ concluded:

> As for adapting or managing oneself, the claimant has experienced a mild limitation. Again, Dr. Rosenbaum found that the claimant experienced mild limitations in his ability to adapt and, specifically, that the claimant was only moderately limited in his ability to respond appropriately to changes in the work setting (Exhibit 3A, page 11). Otherwise, the claimant had only mild limitations in his ability to be aware of normal hazards and take appropriate precautions; ability to travel in unfamiliar places or use public transportation; and in his ability to set realistic goals or make plans independently of others (Exhibit 3A, page 11). Therefore, Dr. Rosenbaum opined that "changes in the work setting should be specific, infrequent, and introduced gradually, so that the claimant has sufficient time to adjust to these changes" (Exhibit 3A, page 11). Dr. Jordan noted that the "claimant cannot fully function independently and is psychiatrically dependent on his wife" (Exhibit 3F, page 4).

(Tr. 16). The ALJ also noted that Dr. Jordan's opinion was "further supported by the letter submitted to the undersigned by the claimant's wife stating that the claimant was 'completely dependant [sic] on my help to function and has been for nineteen years.'" (Tr. 16, 214). However, the ALJ afforded Plaintiff's wife's letter "little weight," explaining that she was "unfamiliar with the medical evidence of record," "not a medically acceptable treating source," and "any opinion regarding [Plaintiff's] ability to work full-time in a competitive environment [was] an opinion reserved to the Commissioner." (Tr. 18).

The ALJ also considered Plaintiff's activities of daily living in determining his RFC. The ALJ stated:

> As for the claimant's statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent because the claimant's activities of daily living belie the actual nature of his severe impairments. For example, the claimant needed no assistance dressing, bathing, caring for hair, shaving, feeding himself, or using the toilet (Exhibit 5E, page 4). He also helped his parents with small chores, fed and cared for his dog, helped his wife as needed, prepared meals, mowed the front yard every week, shopped for groceries or clothes at Wal-Mart,

walked, and drove a car independently (Exhibit 5E, pages 4 - 6). Yet, he alleges that he is unable to work.

(Tr. 17-18).

The record reflects that the ALJ considered Dr. Jordan's opinion fully but did not adopt that opinion in its entirety, as the ALJ also considered other evidence in the record. Accordingly, based upon a review of the record as a whole, the court concludes that the ALJ properly considered the entire record in determining Plaintiff's RFC, including Dr. Jordan's opinion and other evidence in the record, and that the ALJ's RFC determination is supported by substantial evidence.

## V.    CONCLUSION

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the Commissioner's decision is due to be AFFIRMED.  A separate judgment will issue.

DONE, on this the 30th day of September, 2021.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge